[Wheeler *v.* Morgan.]

# Wheeler *v.* Morgan.

*Application for Rehearing after Final Judgment at Law.*

*When rehearing cannot be had.* — After judgment by *nil dicit,* rendered on the *second* day of the term, the defendant cannot have a rehearing under the statute (Rev. Code § 2814), on the ground of surprise, accident, or mistake, because his attorney did not hear the cause called, and the court announced, on the *fifth* day of the term, that all litigated cases were continued.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. LUTHER R. SMITH.

J. T. JONES, for appellant.

BROOKS, HARALSON, & ROY, *contra.*

B. F. SAFFOLD, J. — The appeal is from a judgment granting a rehearing in a cause, under R. C. § 2814. The original suit, which was an action of detinue for the recovery of a horse, was commenced in February, 1868, by the appellant against the appellee, who was duly served with notice on the 16th of March, 1868. At the spring term, 1870, on the *second* day of the first week, a judgment by *nil dicit,* with a writ of inquiry, was rendered ; and on the fourth day of the second week, the writ of inquiry was executed.

After the adjournment of the court, but within the time limited, the defendant applied for a rehearing. His petition states, that he had employed counsel, who had entered an appearance for him; that he was in attendance on the court, and on Friday of the first week the court announced that all litigated causes requiring a jury were continued until the next term ; that one of his attorneys was present in court, on the days in which the judgment was rendered and the writ of inquiry was executed, but heard nothing of the proceedings, and neither he nor his counsel knew what had transpired, until after the adjournment of the court. He claims that he has a meritorious defence to the action, to the effect that the horse was his property at the commencement of the suit. It does not appear that any pleas to the original action had been filed. A demurrer to this petition was overruled, and the statements being proved by affidavit, the rehearing was granted ; and this judgment is now assigned as error. There is no bill of exceptions in the record.

The showing would have been entirely sufficient, if the judgment had been rendered after the announcement by the court that the litigated civil cases were continued to the next term. But it was rendered three days before. The writ of

inquiry was submitted to the jury after the announcement was made; but the alleged defence does not go to that, and would not be admissible under it. The ground of the defence is, that the horse was the defendant's property.

Of course, if the judgment was really taken at the time the record shows it to have been, which is not contested, and no fraud or deceit was practised on the defendant or his counsel, which is not claimed, the mere inattention of the counsel to the proceedings of the court cannot be visited on the plaintiff. The demurrer ought to have been sustained.

The judgment is reversed, and the cause remanded.